# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| EDWARD JAMES, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-4076 |
| | ) | |
| WARDEN GERARDO ACEVEDO | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

Before the Court is Petitioner Edward James' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Also pending are Petitioner's Application for Leave to Proceed in forma pauperis (Doc. 3), and Petitioner's Motion for Appointment of Counsel (Doc. 4). Petitioner filed his Petition in the Northern District of Illinois on October 7, 2010, and on November 5, 2010 it was received by this Court.[1] For the following reasons, the Application to Proceed in forma pauperis is denied, the Motion to Appoint Counsel is denied without prejudice, and Respondent will be ordered to respond to the Petition.

### PETITION FOR WRIT OF HABEAS CORPUS

In his Petition, Petitioner contends that he has been wrongfully incarcerated since June 18, 2010. Petitioner bases this contention on five separate grounds. Petitioner's first stated ground for relief stems from prison disciplinary proceedings

---

[1] The Honorable Charles P. Kocoras of the Northern District of Illinois transferred the case to this Court pursuant to Rule 4 of the Rules Governing Section 2254 cases on October 20, 2010. (Doc. 5).

at Lawrence Correctional Center ("Lawrence"), which arose out of an incident on June 30, 2008, in which Petitioner's cellmate sustained injuries to his forehead. (Doc. 1 at 5-6). As a result of this incident, Petitioner spent three months in segregation and lost three months of good time credits. (Doc. 1 at 1). According to Petitioner, in the course of its investigation and decision, the grievance officers at Lawrence failed to follow relevant policies and procedures by not allowing Petitioner to call witnesses or examine health care records. (Doc. 1-1 at 1-2). This, Petitioner alleges, violated his Due Process rights as established by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974). (Doc. 1-1 at 1-2). Although Petitioner challenged these actions in state court, his petitions were denied. (Doc. 1 at 5(d)).[2]

Petitioner also alleges as his second ground for relief that he deserves a sentence credit for 75 days that he was incarcerated in Tennessee awaiting extradition per the request of the Chicago Police Department. (Doc. 1 at 5). Petitioner filed a motion for an order *nunc pro tunc* in the Circuit Court of Cook County seeking credit for the 75 days he was held in Memphis Tennessee. (Doc. 1 at 5). He also filed a Motion for Leave to File an Original Writ of Mandamus with

---

[2] In grounds three and four for relief, Petitioner maintains that as a direct result of the 3 months of good time he lost due to the constitutionally deficient disciplinary procedures at Lawrence, he has not received restoration of 30 days of good time lost while at Dixon Correctional Facility, or 6 months of good time credit that he otherwise would have received. (Doc. 1 at 5d-6). The Court cannot, at this time, determine whether Petitioner would have received these other good time credits in the absence of the Lawrence disciplinary proceedings. However, because Petitioner alleges a Constitutional violation occurred during the Lawrence disciplinary proceedings and that he has suffered this harm as a result, it also cannot determine that these claims are clearly without any merit.

the Illinois Supreme Court to order the Clerk of the Circuit Court to file documents proving that Petitioner had spent 75 days in prison in Tennessee awaiting extradition. (Doc. 1 at 5 & 5d). The Illinois Supreme Court denied his Motion on January 15, 2010. (Doc. 1 at 5d).[3] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court has examined the Petition and cannot determine that Petitioner's claims have no merit. Therefore, Respondent will be directed to respond to the Petition.

### APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Petitioner has also filed an Application to Proceed in forma pauperis. (Doc. 3). Under 28 U.S.C. § 1915, the Court may allow a litigant to proceed without prepayment of fees or costs. The Motion is supported by an affidavit, and contains the information that is required by 28 U.S.C. § 1915(a)(1). In addition, the Court has received a copy of Petitioner's trust fund account ledger for the last six months from Hill Correctional Center (Doc. 3), as required by 28 U.S.C. § 1915(a)(2). In his affidavit, Petitioner asserts that he has no income or other property, other than $50.00 received from a transaction on March 26, 2010. (Doc. 3). However, the certification from an officer of the Hill Correctional Center and his trust fund account ledger belie the assertion that Petitioner cannot pay the $5.00 filing fee. Both indicate that Petitioner has $6.26 in his prison trust fund account. (Doc. 3 at 3). Therefore, the Court finds that Petitioner is able to pay the $5.00 filing fee.

---

[3] Petitioner's fifth "ground for relief" is not actually a new ground for relief but merely restates the good time credits he believes he is owed.

3

## MOTION TO APPOINT COUNSEL

Finally, Petitioner has submitted a Motion for Appointment of Counsel. (Doc. 4). Civil litigants are not entitled to a court appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). After a litigant has made such an attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id*. at 655-56, 660. On the form Petitioner filled out seeking appointment of counsel, there is a question regarding previous attempts to retain counsel; Petitioner left it blank. (Doc. 4). Accordingly, the Court finds that Petitioner has not made the threshold attempt of securing counsel without Court intervention, and therefore will not be appointed an attorney. (Doc. 3 at 1).

In addition to appointment of counsel under 28 U.S.C. § 1915, the Court may appoint counsel in a 28 U.S.C. § 2254 case if discovery is required, and must appoint counsel if an evidentiary hearing is set. *See* Rules Governing Section 2254 Cases in the United States District Courts 6 and 8. Counsel may also be appointed if "the court determines that the interest of justice so require." 18 U.S.C. § 3006A. None of these are applicable at this point in time; the Court will revisit the issue of appointment of counsel under these provisions if it later becomes necessary.

## CONCLUSION

IT IS THEREFORE ORDERED:

1.  The Clerk SHALL cause a copy of the Petition (Doc. 1) to be served upon Respondent.

2.  Respondent SHALL file an answer or other response within sixty (60) days after service of the Petition. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

3.  Petitioner MAY file a reply to Respondent's response within thirty (30) days of being served with Respondent's response.

4.  Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

5.  Petitioner's Motion to Proceed in forma pauperis (Doc. 2) is DENIED.

6.  Petitioner SHALL submit the applicable filing fee within 28 days of the date of this Order, or his Petition will be dismissed.

7.  Petitioner's Motion for Appointment of Counsel is DENIED WITHOUT PREJUDICE.

Entered this 10th day of November, 2010.

                                         s/ Joe B. McDade
                                         JOE BILLY McDADE
                                         United States Senior District Judge