UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| EDWARD JAMES, | ) |
| Petitioner | ) |
| v. | ) Case No. 10-cv-4076 |
| WARDEN GERARDO ACEVEDO | ) |
| Respondent. | ) |

## O P I N I O N  &  O R D E R

Before the Court is a Letter from Petitioner, Edward James, which the Court construes as a motion to transfer venue. (Doc. 9). In his Letter, Petitioner alleges that this case was mistakenly transferred to the Central District of Illinois, and asks that the Court re-transfer his Petition to the United States District Court for the Southern District of Illinois. Petitioner is currently imprisoned at Hill Correctional Center in Galesburg, Illinois.[1] In his Petition he is challenging a conviction from a prison rule infraction at Lawrence Correctional Center in Lawrence, Illinois.

On October 20, 2010 the Honorable Judge Charles P. Kocoras transferred the case from the Northern District of Illinois to this Court. Judge Kocoras found that the place of Petitioner's conviction would be the most desirable forum for the action. However, upon review of the transfer order, it is clear that Judge Kocoras believed Lawrence Correctional Center to be located in Henry County, when it is actually

---

[1] Galesburg, Illinois is in Knox County, which is part of the Central District of Illinois' judicial district. 28 U.S.C. § 93.

located in Lawrence County, Illinois. Lawrence County is located in the southeastern portion of the state, within the Southern District of Illinois' judicial district.

Nevertheless, this Court has jurisdiction over Petitioner's claims because he is currently imprisoned within the Central District of Illinois' judicial district. Pursuant to 28 U.S.C. §2241(a), the district court for the district where the Petitioner is confined is the appropriate forum for habeas relief.[2] Because this Court finds that it has jurisdiction over Petitioner's claims and has already issued an order in the action, it hereby DENIES Petitioner's Letter seeking a transfer to the Southern District of Illinois.[3]

Entered this 15th day of November, 2010.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge

---

[2] The Court notes that because Petitioner is imprisoned in Knox County, his case should be in the Peoria Division of the Central District of Illinois rather than the Rock Island Division. As such, the Clerk is DIRECTED to TRANSFER this action from the Rock Island Division to the Peoria Division of the Central District of Illinois.

[3] Further, it is not clear that the Southern District of Illinois would accept jurisdiction over Petitioner's claims. Pursuant to 28 U.S.C. §2241(d), a state prisoner is authorized to file a petition for writ of habeas corpus in either the federal judicial district of his confinement or the federal judicial district of his conviction. However, Petitioner is not complaining of a state court conviction, but rather of a conviction by prison disciplinary authorities. In *Smith v. Gaetz*, No. 10-616, 2010 WL 3926868 (S.D. Ill. Oct. 5, 2010), the Southern District found no "authority construing the prison disciplinary scheme as a state court," and ordered the Petitioner to show cause as to why it should do so or else risk dismissal for lack of jurisdiction.